UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY TYREE HICKS,

       Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

       Defendant.

_____ /

Case No. 26-cv-10738

F. Kay Behm
U.S. District Judge

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)**

## I.    PROCEDURAL HISTORY

Plaintiff Rodney Tyree Hicks filed this action on March 4, 2026, alleging violations of his federal rights under 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*, which the court finds facially sufficient. *See* ECF No. 2. The court thus **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), however, for the reasons set forth below, the court **DISMISSES** Plaintiff's Complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

## II.    ANALYSIS

1

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

2

*Id.* at 678.  "Conclusory allegations are not entitled to the assumption of truth."  *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025).  Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Many potential problems can arise for a plaintiff in a Section 1983 claim: statutes of limitations, immunity doctrines, doctrines of abstention, the preclusive effect of state court judgments – just to name a few.  All of these the court must assess, at least to some extent, in an initial screening under 28 U.S.C. § 1915(e).  But the primary problem in this case is that the court cannot assess any of these points because Plaintiff's claims are too conclusory to allow meaningful review.  Plaintiff's factual allegations are as follows:

> Plaintiff Rodney Tyree Hicks-Bey is an American Indian and is of Osage, Quapaw and Chahta descent.  Plaintiff asserts rights arising under federal treaties.  Plaintiff is an heir to William Bill Smith, John Sol Smith, and Louis Hicks whose property interests were recognized under federal law.  The existence of federal authorities are The Treaty of Dancing Rabbit Creek (1830) recognized protected rights of Chahta persons.  The Osage treaties recognize protected interest of

Osage descendants. Quapaw treaties of 1818 and 1833 recognize protected interest of Quapaw descendants.  Under Article VI of the United States Constitution, treaties are the supreme law of the land.

On September 5th 2024, Vikki Bayer Haley, David S. Leyton, Tracy L. Meyer and Kelly E. Morton acting under color of state law, initiated criminal prosecution.  Defendants asserted authority under state statute, court order and enforcement action.  The action affected Plaintiffs asserted treaty-protected interests in land, liberty, and property, etc.  Plaintiff notified defendants of asserted federal treaty protections on September 5th, 2024.  Despite such notice, defendants continued enforcement action, the enforcement action is ongoing.  Plaintiff was arrested, the arrest led to loss of property, financial damages, Chilling of treaty exercise and Court judgments entered January 21st, 2025.

On or about September 5th, 2025, Joseph Traverso, Anethia Brewer, Cynthia Ward and John J. Dewane acting under color of state law, initiated criminal prosecution.  Defendants asserted authority under state statute, court order and enforcement action.  The action affected Plaintiffs asserted treaty-protected interests in land, liberty, and property, etc.  Plaintiff notified defendants of asserted federal treaty protections on September 2nd, 2025, despite such notice, defendants continued enforcement action, the enforcement action is ongoing.  Plaintiff was arrested, the arrest led to loss of property, financial damages, Chilling of treaty exercise and Court judgments entered on September 15, 2025.

4

On February 14, 2022, Peter Goodstein, Brian Pickell, Elizabeth A. Kelly, and Deb Cherry, acting under color of state law, initiated criminal prosecution.  Defendants asserted authority under state statute, court order and enforcement action.  The action affected Plaintiffs asserted treaty-protected interests in land, liberty, and property, etc.  Plaintiff notified defendants of asserted federal treaty protections on February 14th, 2022.  Despite such notice, defendants continued enforcement action, the enforcement action is ongoing.  Plaintiff was arrested, the arrest led to loss of property, financial damages, Chilling of treaty exercise and Court judgments entered on February 6th, 2023.

On December 11th 2024, David G. Guinn, Kenneth M. Scott and Sherlie Haley acting under color of state law, initiated criminal prosecution. Defendants asserted authority under state statute, court order and enforcement action.  The action affected Plaintiffs asserted treaty-protected interests in land, liberty, and property, ect.  Plaintiff notified defendants of asserted federal treaty protections.  Despite such notice, defendants continued enforcement action, the enforcement action is ongoing.  Plaintiff was arrested, the arrest led to loss of property, financial damages, Chilling of treaty exercise and Court judgments entered on December 31 st 2024.

ECF No. 1, PageID.2-3.

These allegations are naked assertions devoid of necessary factual enhancement.  How did the named Defendants "initiate criminal prosecution"?  How were their actions were taken under color of state

law: Were they law enforcement, prosecutors, witnesses, judicial officers, opposing counsel?  Where did this prosecution or underlying conduct occur – or more to the point, why did these state court prosecutions allegedly implicate federal treaty rights at all?  In what manner were his treaty rights allegedly affected?  What is the alleged "ongoing" enforcement action, and in what way do his rights remain affected?  None of these questions are answerable, even by reasonable inference, by the factual allegations in the complaint.

Lacking this information, the court cannot assess (as it must) whether Plaintiff's claims cross the line into plausibility.  For example, his claim related to a prosecution in 2022 on its face raises questions of the statute of limitations.[1]  His claims regarding these state court criminal prosecutions also generally raise the likelihood of various immunity doctrines applying to many, if not all, of the defendants – but because he does not detail any individual actor's involvement, it is impossible to assess their role.  Yet the court is required to screen for

---

[1] "When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate." *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002).  Michigan's three-year statute of limitation applies to claims brought in this state under Section 1983.  *Green v. City of Southfield*, 759 F. App'x 410, 414 (6th Cir. 2018).

these immunities and dismiss defendants who are immune from monetary relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Still more issues abound.  All of these prosecutions[2] allegedly had judgments entered, and that raises the problem of the preclusive effect of state court judgments, and Plaintiff's opportunity to raise these same arguments in state court.  But Plaintiff does not explain what the substance of these judgments were, what their subject matter was, what their effect was (beyond general and conclusory allegations), whether those judgments were overturned, or – assuming he is attempting to bring some kind of due process claim – what process he was afforded.  As for injunctive relief, Plaintiff never explains what the "ongoing" enforcement of these judgments entails.  Lacking any non-conclusory allegations that make out a plausible claim for relief, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

Lastly, while the court has taken Plaintiff's conclusory allegations at face value, and dismisses his complaint for failure to make

---

[2] Were these "prosecutions" he refers to in fact criminal prosecutions? Documents he attaches to his complaint indicate that at least some of the state court actions he challenges were civil actions.  *See* ECF No. 1, PageID.49.  This merely illustrates the problems inherent in his complaint.

nonconclusory factual allegations, it is nonetheless clear from the exhibits he has filed on the docket that he intends to present (and did present) so-called "sovereign citizen" theories in support of this case. *See* ECF No. 5, PageID.97 (document purporting to be issued by the "Moorish American Consular Court" and purporting to rescind his signature on his driver's license and registration); ECF No. 5, PageID.116 ("Rodney Tyree Hicks-Bey is a living man with blood flowing through his body and a Moorish-American National"). This kind of meritless rhetoric is "frequently espoused" by sovereign citizens and self-proclaimed Moorish-Americans. *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017). "Sovereign citizens believe that they are exempt from the jurisdiction of any legitimate court—state or federal— and often file legal documents to 'free themselves from the yoke of federal citizenship.'" *Powell v. Michigan*, No. 22-10816, 2023 U.S. Dist. LEXIS 29740, at *4 (E.D. Mich. Jan. 24, 2023) (quoting *United States v. Cook*, No. 3:18-CR-00019, 2019 U.S. Dist. LEXIS 108991, 2019 WL 2721305, at *1 (E.D. Tenn. June 28, 2019)) (second quoting citation omitted). "Sovereign citizen" arguments and related documentation have long been recognized as meritless; claims based on the validity of

8

that documentation or argument are patently frivolous and are properly

dismissed for lack of subject-matter jurisdiction.  *Noles v. IRS*, No. 22-

6064, 2023 U.S. App. LEXIS 18997, at *3 (6th Cir. July 25, 2023);

*Jackson v. United States*, No. 25-1530, 2025 LX 447094, at *3 (6th Cir.

Nov. 6, 2025).  It appears, based on these filings, that Hicks attempted

to file many of these kinds of documents in whatever state court actions

he is now claiming violated his federal rights.  *See, e.g.*, ECF No. 5,

PageID.113 (some kind of sovereign citizen document apparently filed

in the Genessee County district court); ECF No. 5, PageID.103

(indicating he filed all of these but were declared moot by the court);

ECF No. 5, PageID.95 (indicating some sort of state criminal action was

brought for filing fraudulent financing statements).  But if the

substance of his defenses in those state court actions were the claims he

makes in these documents, then his present claim alleging violations of

his federal rights by the state court ignoring those documents lacks

facial plausibility.  And if the subject of his criminal cases was his

assertion of meritless sovereign citizen theories (*see* ECF No. 5,

PageID.119, indicating he received a misdemeanor charge for driving

9

while his license was suspended), then he cannot plausibly assert a

violation of his federal rights under that set of facts.

## III.   CONCLUSION

Therefore, while Plaintiff's application to proceed *in forma*

*pauperis* is **GRANTED**, his complaint is **DISMISSED** without

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a

claim upon which relief can be granted.

**SO ORDERED**.

Date: April 16, 2026                         s/ F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge

10