UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY TYREE HICKS,                             Case No. 26-cv-10738

     Plaintiff,                                   F. Kay Behm
v.                                              U.S. District Judge

STATE OF MICHIGAN, *et al.*,

     Defendant.
_____ /

## ORDER ON AMENDED COMPLAINT (ECF No. 8)

Plaintiff Rodney Tyree Hicks filed this action on March 4, 2026, alleging violations of his federal rights under 42 U.S.C. § 1983.  *See* ECF No. 1.  The court granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), but dismissed Plaintiff's Complaint without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).  ECF No. 6, 7.

On May 15, 2026, Plaintiff filed what appears to be partly an amended complaint and partly a motion to reconsider the order dismissing the case.  ECF No. 8.  However, his motion (so construed) is untimely under Rule 59(e) because the judgment in this case was

1

entered on April 16, 2026, making the deadline for a motion under that Rule one day before, on May 14, 2026.

When a party's Rule 59 motion is not timely filed, it is appropriate for a court to consider the motion as one for relief from judgment under Rule 60. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. *Id.* A Rule 60(b) motion may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

*Id.* (quoting Fed. R. Civ. P. 60(b)).

The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first

2

five clauses.  *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id*.  The party seeking relief bears the burden of proving entitlement to relief by clear and convincing evidence.  *Info-Hold, Inc. v. Sound Merchandising*, 538 F.3d 448, 454 (6th Cir. 2008).  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Hall v. City of Williamsburg*,  768 F. App'x 366, 380 (6th Cir. 2019) (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)).

Plaintiff appears to be asserting that the court should reopen the case because he can cure the deficiencies in his Complaint by filing an Amended Complaint.  The court, however, recognized that his complaint lacked many facts that would enable it to assess the plausibility of his claims, and therefore dismissed his complaint without prejudice, allowing him to file a more well-pleaded complaint in a new case.  *See Lomax v. Ortiz-Marquez*, 590 U.S. 595, 602 (2020) ("this Court has suggested that a trial court might abuse its discretion by dismissing

3

an IFP suit with prejudice if frivolous factual allegations can be remedied through more specific pleading.") (citation and emphasis omitted, cleaned up); *Coleman v. Kent*, No. 24-1737, 2025 LX 287041, at *6 (6th Cir. June 26, 2025) ("we note that district courts should not lightly dismiss pro-se complaints with prejudice and without leave to amend when the plaintiff has 'an arguable claim.'") (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614-15 (6th Cir. 2011)).  Hicks' motion to reopen the case and file an amended complaint is denied because the principles of equity do not clearly demand that relief be offered in this case; Hicks remains free to pursue a new case with his amended complaint.  Further filings in this case may be summarily denied, or the court may otherwise decline to act on them.

  **SO ORDERED**.

Date: June 4, 2026      s/ F. Kay Behm
           F. Kay Behm
           United States District Judge